# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEN A. SMITH,**<br><br>**Plaintiff**<br><br>v.<br><br>**FURNITURE DEALS, INC.**, a corporation d/b/a Ramos Furniture Home Store, **AMERICAN FIRST FINANCE, INC.**, and **DOES 1-20, inclusive,**<br><br>**Defendants** | **CASE NO. 1:19-CV-1557 AWI EPG**<br><br>**ORDER ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>(Doc. Nos. 4, 11) |

This case arises from Plaintiff Ken Smith's ("Smith") purchase of furniture from Defendant Furniture Deals, Inc., doing business as Ramos Furniture Home Store, ("FDI") and financing from Defendant American First Finance, Inc. ("AFF"). Smith alleges violations of state common law and statutory provisions, as well as violations of the federal Truth In Lending Act and the Holder Rule (16 C.F.R. § 433). Defendant AFF removed this case from the Fresno County Superior Court on the basis of federal question jurisdiction. Currently before the Court is Smith's motion to remand and request for monetary sanctions and AFF's motion to compel arbitration. For the reasons that follow, the Court will grant the motion to remand, decline to sanction AFF, and deny the motion to compel arbitration without prejudice.

## **FACTUAL BACKGROUND**

On August 29, 2018, Smith purchased a sofa and love seat from FDI for $1,887. Smith paid $188 down and financed approximately $1,700. Smith was told at the store that he would be emailed the financing information, but the salesman did not inform Smith of the financing terms, the amount of payments, the number of payments, or the identity of the lender, and did not provide

Smith with any financing documents. FDI asked Smith to e-sign a document on a computer screen and told Smith that the e-document merely authorized FDI to send the sales order to "the lender." Smith electronically signed based on the salesman's representations. Smith was also told that he was getting the best possible price because of the Labor Day sale.

In late September 2018, FDI delivered the furniture to Smith. FDI informed Smith that he should ask AFF about payments and gave Smith AFF's number.

On October 1, 2018, Smith called AFF and learned that his payment would be $108.16 per month. Smith authorized the first payment.

On October 9, 2018, and unbeknownst to Smith, AFF made an automatic withdrawal from Smith's bank account for another $108.16, despite the prior October 1 payment.

On October 24, 2018, AFF made another automatic withdrawal from Smith's bank account for $108.16, which caused an overdraft charge to be made against Smith. Smith was not expecting either the October 9 or 24 withdrawals because he was told his payments would be monthly.

In November 2018, December 2018, and January 2019, AFF made two automatic withdrawals from Smith's account, with the second withdrawal of each month causing Smith to incur overdraft fees.

In February 2019, Smith finally called AFF and instructed them not to make the second monthly withdrawal. AFF agreed. Smith also believes that he learned for the first time during the February 2019 phone call that AFF was charging him a 144.9% interest rate.

In April 2019, AFF withdrew $108.16 from Smith's account on April 1 and April 8.

On April 9, 2019, Smith called AFF and requested a copy of his loan contract. The contract arrived two days later, and he learned for the first time that he would ultimately pay $5,380.14 for his furniture.

On April 29, 2019, AFF withdrew another $108.16, and has continued to withdraw two payments of $108.16 each month thereafter.

On August 28, 2019, Smith filed his complaint against Defendants in the Fresno County Superior Court. AFF was served with the Complaint on October 4, 2019, and removed the matter to this Court on November 1, 2019.

AFF's notice of removal notes that this Court has federal question subject matter jurisdiction through Smith's Truth In Lending Act claim. The notice also expressly states that "Defendant Furniture Deals, Inc., dba Ramos Furniture Home Store, consents to removal of this action." Doc. No. 1. In support of this assertion, Exhibit C is referenced.

Exhibit C to the notice of removal is a consent. The consent reads:

> Whereas, on August 28, 2019, a complaint was filed against defendant Second Generation Furniture, Inc., erroneously sued herein as Furniture Deals, Inc., dba Ramos Furniture Store, and defendant [AFF] by [Smith], in an action pending in the Superior Court of the State of California in and for the County of Fresno . . . .
>
> Whereas, this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a); and,
>
> Whereas, defendant [AFF] seeks to remove this action to this Court,
>
> Therefore, defendant Second Generation Furniture, Inc., hereby consents to the removal of this action.

Ex. C to Doc. No. 1. The consent is signed by Jorge Ramos as Secretary of Second Generation Furniture Inc. dba Ramos Furniture ("SGF"). Id.

## PLAINTIFF'S MOTION

*Plaintiff's Argument*

Smith argues that FDI was properly served on October 9, 2019, and AFF did not obtain FDI's consent. Instead, AFF obtained SGF's consent, but SGF is not a party to this lawsuit and is a separate entity from FDI. Smith asserts that Ramos Furniture has 10 stores in California which are independently owned operated, including two in Fresno. A fictitious business name search of the Fresno County Clerk's records shows that Ramos Furniture on Shaw Avenue in Fresno is owned by SGF. The Fresno County Clerk's records show that Ramos Furniture on Blackstone Avenue in Fresno is owned by FDI. Smith purchased the furniture at issue from the Blackstone location. Smith argues that the Fresno County Clerk's records show that FDI is "inactive" and has an expiration date of May 2020. Also, records from the California Secretary of State lists different officers for SGF and FDI. Jorge Ramos, who signed the consent on behalf of SGF, told Smith's counsel that he signed the consent as a favor to AFF, he did not prepare the consent, he did not

3

1 question the contents of the consent, and he did not understand the content or the implications of
2 the consent.

3      Smith argues that he did not erroneously name FDI as a defendant, rather he named the
4 defendant that comports with the Fresno County Clerk's records for the owner listed of the Ramos
5 Furniture location on Blackstone Ave. California Secretary of State records show that FDI is
6 suspended, but a suspended corporation is still a proper defendant in a civil action. Because FDI
7 is the identified owner of the Blackstone Ave. store, and because FDI was properly named and
8 served, the failure of AFF to obtain a consent from FDI renders the removal improper and remand
9 necessary.

10      Smith also argues that sanctions should be imposed for the improper removal. On
11 November 20, 2019, counsel for each party met, and Smith counsel explained the factual findings
12 and business findings regarding FDI and SGF. AFF's counsel provided no further support for the
13 contention that FDI was erroneously sued instead of SGF, or that Ramos or SGF has any standing
14 to provide consent in this case. In the absence of contrary evidence, relying on SGF's consent was
15 objectively unreasonable. Therefore, AFF should pay reasonable attorney fees in the amount of
16 $3,937 based on a rate of $375 per hour.

17     *Defendant's Opposition*

18      AFF argues that the remand motion is little more than a disagreement between Smith and
19 the co-defendant as to the co-defendant's proper legal name. As reflected in the consent, the co-
20 defendant contends that its legal name is SGF and that it was erroneously sued as FDI. On
21 October 31, 2019, AFF spoke with Jorge Ramos and Mr. Ramos advised that the proper name of
22 the co-defendant is SGF. Ramos expressed his authority to agree to consent on behalf of SGF and
23 he ultimately did so. Because of the disagreement regarding the co-defendant's proper name, the
24 consent was styled by as a consent by SGF "erroneously sued herein as [FDI] . . . ." The consent
25 not only highlights the disagreement between Smith and the co-defendant, but it clearly reflects
26 the co-defendant's agreement and consent to removal. Although AFF represents that it has been
27 unable to speak with Mr. Ramos regarding Smith's remand motion, there remains sufficient
28 evidence to deny the motion.

Alternatively, AFF argues that a procedural defect can be cured before entry of judgment and that limited jurisdictional discovery is permitted to establish the propriety of removal. If the Court is persuaded by Smith's arguments, limited jurisdictional discovery should occur, including the deposition of Mr. Ramos. That way, the Court would have the benefit of hearing from the unrepresented co-defendant. The limited discovery will likely cure any deficiencies from the removal process.

Finally, AFF argues that sanctions are not appropriate. AFF argues that it reasonably relied on Mr. Ramos's statements that he had authority to consent on the co-defendant's behalf. Smith has cited no similar cases in which an objectively reasonable attempt to remove a matter resulted in an award of sanctions.

*Legal Standard*

Removal statutes are strictly construed against removal, and any doubt as to the propriety of removal is resolved against removability. Luther v. Countrywide Home Loans, 533 F.3d 1031, 1034 (9th Cir. 2008). 28 U.S.C. § 1446 establishes the procedures to be followed by a defendant in removing a case from state court to federal court. Progressive W. Ins. Co. v. Preciado, 479 F.3d 1014, 1018 (9th Cir. 2007). In part, "all defendants who have been properly joined and served in the action must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); see Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Only defendants who have been properly served must join in or consent to the removal. Destfino, 630 F.3d at 956; Emrich, 846 F.2d at 1193 n.1. Defendants who have been improperly served, see Destfino, 630 F.3d at 956-57, or who have not been served, Salveson v. W. States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984), or who are "nominal, unknown or fraudulently joined" defendants, Emrich, 846 F.2d at 1193 n.1, are not required to join in or consent to removal. A violation of the defendant unanimity rule, i.e. the failure to obtain the joinder or consent of all properly served defendants, is a procedural defect. See Destfino, 630 F.3d at 956-57; Atlantic Nat'l Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 938 (9th Cir. 2010). Further, the failure of a defendant to affirmatively explain the absence of a co-defendant in the notice of removal is a procedural defect. Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1266

1  (9th Cir. 1999).  "If the removal suffers from procedural defects, the plaintiff is responsible for
2  bringing those defects to the attention of the district court in a timely motion to remand."  Polo v.
3  Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016).  Once the plaintiff raises a
4  procedural defect in the removal, it is the removing defendant's burden to show compliance with
5  the pertinent procedural requirement.  See Gomez v. Global Video Games, 2016 U.S. Dist. LEXIS
6  98305, *2 (C.D. Cal. July 26, 2016); Bea v. Encompass Ins. Co., 2013 U.S. Dist. LEXIS 58251,
7  *5 (N.D. Cal. Apr. 23, 2013); Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or.
8  2001).

Additionally, under 28 U.S.C. § 1447(c), the Court may require payment of attorneys' fees and costs incurred as a result of an improper removal.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005); Chan Healthcare Group, PS v. Liberty Mut. Fire Ins. Co., 844 F.3d 1133, 1141 (9th Cir. 2017).  "[R]emoval is not objectively unreasonable because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

*Discussion*

1. Defendant Unanimity

Smith has submitted substantial evidence that there is more than a mere disagreement about the proper name of the co-defendant, Smith's evidence indicates that FDI and SGF are separate entities.  Smith has submitted documentation from the Fresno County Clerk and the California Secretary of State regarding FDI and SGF.  Smith is correct that documents relating to fictitious business names, as recorded in the Fresno County Clerk's office, reflect two locations for Ramos furniture in Fresno, one on Blackstone and one on Shaw.[1]  See id. at Exs. C, D.

---

[1] The Court notes that the Ramos Furniture website has a "store finder" function that lists two locations in Fresno, one on Blackstone and one on Shaw, each with the same address as the two stores listed in the Fresno County Clerk's records.  Cf. Hinton Dec. Exs. C, D. with http://www.ramosfurniture.com.  The Court takes judicial notice of the two locations identified on the Ramos Furniture website.  See Fed. R. Civ. P. 201; Matthews v. National Football League Mgmt Council, 688 F.3d 1107, 1113 & n.5 (9th Cir. 2012) (taking judicial notice of a website); 23-34 94th St. Grocery Corp. v. New York City Bd. of Health, 685 F.3d 174, 183 n.7 (2d Cir. 2012) (same).

6

1  Different registrants are listed for these stores.  See id.  SGF is listed as the only registrant of the
2  Shaw location, see id. at Ex. C, and FDI is listed as the only registrant of the Blackstone location.
3  See id. at Ex. D.  Also, the Secretary of State documents show that FDI and SGF have different
4  registered officers and different locations, although they do share the same agent for service of
5  process.  See Hinton Dec. Exs. G, I.  No documentary evidence has been submitted that reflects
6  that SGF and FDI are essentially the same (through a merger, for example) or otherwise explains
7  the relationship between SGF and FDI.  Therefore, the documentary evidence submitted indicates
8  that SGF and FDI are separate entities.  If FDI and SGR are separate entities, then obtaining only a
9  consent from SGF is ineffectual, and AFF would be in violation of the defendant unanimity rule.

10      AFF does not in any way address or attempt to refute the governmental records submitted
11 by Smith, nor does it challenge Smith's assertion that each Ramos furniture store is independently
12 owned and operated.  Instead, AFF relies heavily on the consent itself and a conversation its
13 counsel had with Mr. Ramos.  However, the consent merely states that Smith erroneously named
14 FDI instead of SGF.  The consent does not explain why Ramos believes that FDI is the wrong
15 defendant and it does not explain the relationship between FDI and SGF.  Further, AFF in
16 opposition has only generally described a conversation its counsel had with Mr. Ramos.  No
17 particulars of the conversation are provided.  Of note, AFF does not explain how or why AFF's
18 counsel came to believe that Mr. Ramos was an appropriate contact person for the "co-defendant;"
19 AFF does not attempt to describe or clarify the relationship between FDI and SGF; AFF does not
20 explain why Ramos believed that FDI was improperly named instead of SGF; and AFF does not
21 explain why Ramos believed he could sign on behalf of FDI.  In other words, AFF does not
22 explain why the conversation with Ramos justified obtaining his signature on the consent as
23 secretary of SGF.  The consent submitted by AFF and the description of the discussion with Mr.
24 Ramos are too general and conclusory to sufficiently negate Smith's records from the Secretary of
25 State and the Fresno County Clerk.

26      Additionally, both sides have submitted declarations that somewhat describe conversations
27 with Mr. Ramos.  AFF does not challenge Smith's assertions that Mr. Ramos did not question the
28 consent or understand its content or implications, and that he signed it merely as a favor.  See

7

Hinton Dec. ¶ 14. AFF has represented that it has been unable to reach Mr. Ramos to address the issues raised in Smith's motion. AFF apparently had no difficulty reaching Mr. Ramos prior to his November 19 conversation with Smith's counsel. It is not unreasonable to infer that Mr. Ramos did not necessarily understand what he was signing and that he and SGF no longer wish to help AFF. While the purported statements and actions of Mr. Ramos would not definitively negate the consent, they do tend to undermine the consent and raise significant questions.

AFF argues that limited jurisdictional discovery can clear up the issues as to the co-defendant's proper name and the validity of the consent. In general, "a court may allow discovery to aid in determining whether it has *in personam* or subject matter jurisdiction." Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977). Such discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008). Here, however, there is no dispute that the Court has jurisdiction over this matter. Smith's Truth In Lending Act claim clearly provides federal question jurisdiction. There is no ambiguity or questions regarding subject matter jurisdiction (and nothing suggests that personal jurisdiction is at issue). The problem with the removal in this case is the defendant unanimity rule. The defendant unanimity rule is a procedural rule and thus, its violation is a procedural defect, not jurisdictional. See Destfino, 630 F.3d at 956-57; Atlantic Nat'l Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 938. AFF cites no cases that authorize "limited procedural discovery" to correct a procedural defect. Therefore, no limited discovery will be permitted.[2]

Finally, it is true that a violation of the defendant unanimity rule may be corrected prior to entry of judgment. Destfino, 630 F.3d at 957. When a plaintiff objects to a violation of the rule of unanimity, often defendants who did not initially join the notice of removal will file a separate joinder or consent, e.g. Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998),[3] or the removing

---

[2] The Court notes that some courts have held that post-removal jurisdictional discovery is improper. E.g. Lowery v. Alabama Power Co., 483 F.3d 1184, 1217-18 (11th Cir. 2007); May v. Wal-Mart Stores, Inc., 751 F.Supp.2d 946, 952 (E.D. Ky. 2010). Because there is not jurisdictional problem in this case, it is enough for the Court to note that there are questions regarding post-removal jurisdictional discovery.

[3] Superseded by statute as stated by Abrego v. Dow Chem., 443 F.3d 676, 681-82 (9th Cir. 2006).

1  defendant will seek leave to file an amended notice of removal that properly addresses all served
2  defendants.  E.g. Destfino v. Kennedy, 2008 U.S. Dist. LEXIS 95149, *11 (E.D. Cal. Nov. 12,
3  2008).  Here, there has been no joinder by FDI or anyone purporting to act on FDI's behalf.
4  Further, as discussed above, Mr. Ramos is not communicating with AFF, so it is hardly surprising
5  that AFF has not submitted significant contrary evidence in opposition to Smith's motion or
6  attempted to file an amended notice of removal.  Therefore, there is no indication that any defects
7  with the unanimity rule can be timely cured or addressed.  Cf. Destfino, 630 F.3d at 957.
8       In sum, the documentation submitted by Smith, Mr. Ramos/SGF's apparent unwillingness
9  to cooperate further with AFF, and the absence of evidence that describes any particulars
10 regarding either AFF's conversations with Ramos or its investigative efforts, together create
11 significant doubt about the procedural propriety of removal.  That doubt is resolved against
12 removal.  See Luther, 533 F.3d at 1034.  Because AFF has not sufficiently shown compliance with
13 the § 1446(b)'s unanimity requirement, the Court will grant Smith's motion to remand.  See 28
14 U.S.C. § 1447(c); Atlantic Nat'l, 621 F.3d at 940.
15      2.    Sanctions
16      The Court cannot find that sanctions are appropriate.  First, Smith's counsel does not
17 explain the basis for the requested hourly rate of $375 per hour.  What counsel charges and what
18 this Court has found to be a reasonable rate in the community in other cases may or may not
19 coincide.  Second, and more importantly, it is apparent that AFF's counsel somehow received Mr.
20 Ramos's name and, after speaking with Mr. Ramos, believed that Smith erroneously named FDI
21 instead of SGF.  Through Mr. Ramos, AFF had some objective basis for removal.  It is not clear
22 what investigative efforts AFF actually undertook to find the appropriate co-defendant or to
23 research FDI and SGF.  It is possible that AFF simply contacted Mr. Ramos without asking or
24 attempting to learn specifics about FDI, the Shaw location, or the Blackstone location.  However,
25 the standard for imposing fees is not whether a thorough investigation has been conducted, it is
26 whether there was an objectively reasonable basis for removal.  Although a close call, the Court
27 does not conclude that AFF removed this matter without any objectively reasonable basis.
28 Therefore, Smith's request for attorney's fees will be denied.

### 3. Motion to Compel Arbitration

Because the Court is remanding this case, it would be inappropriate to rule on AFF's motion to compel arbitration. For administrative purposes, the Court will deny the motion to compel arbitration without prejudice to refiling in the Superior Court.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand (Doc. No. 11) is GRANTED;
2. Pursuant to 28 U.S.C. § 1447(c) and the violation the defendant unanimity rule, this case is REMANDED forthwith to the Fresno County Superior Court;
3. The Court DECLINES to impose sanctions against Defendant for an improper removal;
4. AFF's motion to compel arbitration (Doc. No. 4) is DENIED without prejudice to refiling in the Superior Court; and
5. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: __January 27, 2020__  _____
SENIOR DISTRICT JUDGE